

# PAVANPARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
September 13, 2022 02:51 PM
**PAVAN PARIKH**
Clerk of Courts
Hamilton County, Ohio
**CONFIRMATION** 1231533

**CAMELLIA SENGUPTA**          **A2203328**

vs.
**GENPACTLLC**

**FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND**

**PAGES FILED: 9**

EFR200

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, omo

| | | |
|---|---|---|
| CAMELLIA SENGUPTA<br>8981 Cypresspoint Lane<br>Cincinnati, OH 45249<br><br>     Plaintiff,<br><br>   v.<br><br>GENPACT, LLC.<br>8805 Governors Hill Drive<br>Cincinnati, OH 45249<br><br>**Serve Also:**<br>GENPACT, LLC.<br>c/o Cogency Global Inc.<br>Statutory Agent<br>3958-D Brown Park Drive<br>Hilliard, OH 43026<br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

  Plaintiff, Camellia Sengupta, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

## PARTIES

1. Sengupta is a resident of the city of Cincinnati, Hamilton County, Ohio.

2. Defendant GENPACT, LLC ("Genpact") is a non-profit corporation that conducts business within the state of Ohio. The relevant location of the events and omissions of this Complaint took place was 8981 Cypresspoint Lane, Cincinnati, OH 45249.

3. Genpact is, and was at all times hereinafter mentioned, Sengupta's employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C §2000e, the Americans with Disability Act ("ADA") 42 U.S.C. § 12101, Family and Medical Leave Act ("FMLA") 29 U.S.C. §2617 et seq., R.C. §4111.17 et seq., and R.C. § 4112 et seq.

4. Within 300 days of the adverse employment actions described herein, Sengupta filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

5. The Charge of Discrimination is currently pending before the EEOC, and Sengupta intends to amend this Complaint to include claims of race, national origin, and disability discrimination, failure to accommodate, and retaliation.

## JURISDICTION & VENUE

6. All of the material events alleged in this Complaint occurred in or around Hamilton County, Ohio.

7. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1) and/or (3).

8. Venue is proper pursuant to Civ. R. 3(C)(1), (3), and/or (6).

9. This Court is a court of general jurisdiction over the c.laims presented herein, including all subject matters of this Complaint.

## FACTS

10. Sengupta is a former employee of Genpact.

11. At all times noted herein, Sengupta was qualified for her position at Genpact.

12. At all times noted herein, Sengupta could fully perform the essential functions of her job, with or without a reasonable accommodation.

13. Sengupta worked as a Customer Accounts Manager at Genpact from September 20, 2018, until Genpact unlawfully terminated Sengupta employment on or around July 5, 2022.

14. During her employment with Genpact, Sengupta was placed at General Electric's NP2 building, located at 6380 Aviation Way, West Chester Township, OH 45069.

15. Sengupta is South Asian, a woman, and born in India, placing her in protected classes for race, gender, and national origin.

16. Sengupta was found through recruiter Connie LNU and interviewed by manager Himanshu LNU (male, South Asian) before being hired at Genpact.

17. At the time of hire, Sengupta was told that she would be making $21.00 per hour, but later found out that she was only making $16.00 per hour.

18. Disparately, male, Caucasian, and American born coworkers made $21.00 per hour for the same work.

19. Over time, Sengupta never received a raise, despite her positive evaluations and good employee references.

20. Around Spring 2019, manager Jamie Burns (female, Caucasian, American born) told Sengupta she thought Sengupta was being paid less because she is a woman and South Asian.

21. Sengupta was the only employee on their team who was not Caucasian and one of only two female employees.

22. On or around December 16, 2022, Sengupta was fixing a lamp when the metal rim fell onto her head.

23. Sengupta went to the emergency room and was immediately diagnosed with a concussion.

24. The concussion itself was mild but caused issues for Sengupta with viewing screens.

25. Sengupta gave notice to Jennifer Antonelli (female, Caucasian) and Brian Sanders (male, Caucasian) from human resources ("HR").

26. Antonelli and Sanders told Sengupta not to take FMLA and to instead go out on short term disability leave, thus interfering with her FMLA rights.

27. Around January 2022, Sengupta applied to short term disability leave.

28. Starting March 2022, Sengupta went to Cleveland Clinic regularly for evaluations and forwarded all her medical information to Genpact.

29. Around late May 2022, Sengupta received accommodations to return on or around June 15, 2022, in which she would be allowed to work from home for half days.

30. After a month, Sengupta would add one more hour every other week until she was back to working eight-hour days.

31. Sengupta turned in these accommodations to Burns and Sanders, who in turn told her to send them to Lincoln, a third-party administrator for Genpact.

32. Lincoln sent these back, and after much back and forth, Sanders approved the accommodations.

33. Burns told Sengupta at this time that Genpact was not keen on accommodating her.

34. On or around June 7, 2022, Sengupta returned to work.

35. On or around June 12, 2022, one of Sengupta's clients said they needed a full-time employee to handle their work, so Burns told Sengupta they couldn't continue the accommodations for much longer.

36. On or around June 17, 2022, Antonelli told Camellia that the accommodations team denied her request and Genpact could no longer accommodate her.

37. Sengupta would need to work eight-hour days or come in person three days per week.

38. Sengupta responded that she couldn't do either of these options in accordance with the doctor's orders.

39. Genpact had no issues providing Sengupta accommodations, but later on (despite no undue hardship to the company), rescinded the accommodations.

40. Burns then connected Sengupta with hiring manager Angela Petrylaa.

4

41. Petrylaa intended on interviewing Sengupta for a different role at Genpact which could accommodate her.

42. This interview was cancelled, claiming Sengupta was "too overqualified" for the role.

43. On or around July 7, 2022, allegedly because it could not find a new role for Sengupta, Sengupta's employment was terminated.

44. Genpact's reason for termination was pretext.

45. The above facts demonstrate that Defendant engaged in a pattern and practice of race, gender, and national origin discrimination.

46. There was a causal connection between Sengupta's race, gender, and national origin, and Defendant's lower pay for Sengupta.

47. As a result of Genpact acts and omissions, Sengupta has suffered, and will continue to suffer, damages.

## COUNT I: VIOLATION OF OHIO'S EQUALPAY ACT, R.C. § 4111.17 et seq.

48. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

49. Plaintiff is a member of a statutorily protected classes based on her gender, as women, her race, as South Asian, and her national origin, as being born in India, under R.C.§4112.02.

50. Defendant intentionally discriminated against Sengupta and paid her less than other similarly situated male, Caucasian, and American born employees based on her gender, race, and national origin by refusing to pay them according to their experience.

51. Defendant paid male, Caucasian, and American born employees according to their experience.

52. Defendant discriminated against Sengupta on the basis of her gender, race and national origin throughout her employment with Genpact.

5

53. Defendant did not discriminate against male, Caucasian, or American born employees on the basis of the gender, race, or national origin.

54. Defendant's discrimination in pay against Sengupta based on her gender, race, and national origin violates R.C. § 4111.17 et seq.

55. As a direct and proximate result of Defendant's conduct, Sengupta has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT II: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

56. Sengupta restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

5,. Pursuant to 29 U.S.C. § 2601 *et seq.,* covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

58. Genpact is a covered employer under the FMLA.

59. During her employment, Sengupta qualified for FMLA leave.

60. During her employment, Sengupta attempted to request FMLA leave when giving notice of her injury.

61. Defendant told Sengupta not to take FMLA leave and to use short term disability leave instead.

62. Defendant failed to properly advise Sengupta of her rights under the FMLA.

63. Defendant unlawfully interfered with Sengupta's exercise of her rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

64. As a direct and proximate result of Defendant's conduct, Sengupta is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Sengupta demands from Defendant the following:

a) Issue a permanent injunction:

    i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

    ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

    iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge Sengupta's personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Sengupta for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Sengupta's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

　*/s/* Evan R. McFarland
Evan R. McFarland (0096953)
Matthew G. Bruce (0083769)
　　Trial Attorney
Brianna R. Miller (0097961)
**THE SPITZ LAW FIRM, LLC**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:　 (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com
Email: Brianna.Carden@SpitzLawFirm.com

*Attorneys for Plaintiff Camellia Sengupta*

## JURY DEMAND

Plaintiff Camellia Sengupta demands a trial by jury by the maximum number of jurors permitted.

                                                                                          */s/* Evan R. McFarland
                                                                                          Evan R. McFarland (0096953)